UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

KEITH J. BROOKS,

                      Plaintiff,

v.                                                               Case No. 25-cv-0133-bbc

BRIANNA SCHAUS et al.,

                      Defendants.

---

## DECISION AND ORDER

---

      Plaintiff Keith Brooks is a prisoner at the Columbia Correctional Institution who is representing himself in this 42 U.S.C. §1983 action. He is proceeding on claims under the Fourth and Eighth Amendments based on allegations that Defendant Brianna Schaus watched him being strip searched for no valid reason while she made sexually suggestive gestures. He is also proceeding on a First Amendment claim against Defendant Sara Fry based on allegations that she wrote him a conduct report because he sought to pursue his rights under the Prison Rape Elimination Act. On April 7, 2025, Brooks filed a motion for a preliminary injunction seeking transfer from a maximum security facility to a medium security facility. According to Brooks, his classification was changed and he was transferred to a maximum security facility because of the conduct reports given to him by Fry. On April 12, 2025, Brooks filed a second motion for a preliminary injunction seeking the same relief. Dkt. Nos. 11, 12. For the reasons explained below, the Court will deny Brooks' motions.

      The Supreme Court has characterized "injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). To obtain a preliminary injunction, a plaintiff must show that: (1) plaintiff has some

likelihood of success on the merits; (2) traditional legal remedies would be inadequate; and (3) plaintiff will likely suffer irreparable harm in the absence of preliminary relief. *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020). "If a plaintiff makes such a showing, the court proceeds to a balancing analysis, where the court must weigh the harm the denial of the preliminary injunction would cause the plaintiff against the harm to the defendant if the court were to grant it." *Mays*, 974 F.3d at 818 (citing *Courthouse News Serv. v. Brown*, 908 F.3d 1063, 1068 (7th Cir. 2018)). The balancing analysis involves a "'sliding scale' approach: the more likely the plaintiff is to win on the merits, the less the balance of harms needs to weigh in his favor, and vice versa." *Mays*, 974 F.3d at 818 (citing *Ty, Inc. v. Jones Grp., Inc.*, 237 F.3d 891, 895 (7th Cir. 2001)).

In the context of prisoner litigation, the scope of the Court's authority to issue an injunction is circumscribed by the Prison Litigation Reform Act (PLRA). *See Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *see also Westefer*, 682 F.3d at 683 (noting the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prisons officials have broad administrative and discretionary authority over the institutions they manage" (internal quotation marks and citation omitted)).

In his complaint, Brooks asserts that Fry retaliated against him by writing him a conduct report because of his efforts to pursue a PREA complaint. In his motions for preliminary injunction, Brooks asserts that he was reclassified and transferred to a maximum security prison because of the conduct reports Fry wrote. Putting aside the dispute over *why* Fry wrote Brooks a conduct report, *see* Dkt. No. 18 at ¶¶17-18, Brooks cannot obtain the relief he seeks from Fry because, as a PREA compliance manager, Fry lacks the power to reclassify Brooks or transfer him

2

to a different prison. Indeed, Fry had no role in the decisions to reclassify and transfer Brooks, which is the harm for which Brooks seeks relief in his motions. Given that Fry was not responsible for the harm for which he seeks relief and given that she does not have the authority to provide Brooks with the relief he seeks, the Court must deny his motion for preliminary injunctive relief.

Further, the Court notes that the decision to reclassify and transfer Brooks was made by members of the reclassification committee who observed that Brooks' "conduct has been escala[t]ing the last few months" and concluded that he posed "[e]levated security interests which threaten safety, security and orderly operations." Dkt. No. 19-1 at 5-6. The decision was unanimous. It has long been held that "prison officials have broad administrative and discretionary authority over the institutions they manage." *Hewitt v. Helms*, 459 U.S. 460, 467 (1983). It is not this Court's job to second-guess those decisions. "The Court lacks the detailed knowledge and expertise to make such decisions and nearly always, except in the most extreme situations, must defer to prison officials' judgment." *Hill v. Crouther-Tole*, No. 24-cv-848-bhl, 2024 WL 428201, at *3 (E.D. Wis. Sept. 25, 2024). Brooks' complaint and motions do not involve the rare scenario where Court intervention is necessary or appropriate. Thus, even if the parties who have the authority to provide Brooks with the relief he seeks were defendants in this action, the Court would defer to their discretionary authority and would deny Brooks' motions.

**IT IS THEREFORE ORDERED** that Brooks' motions for preliminary injunction (Dkt. Nos. 11, 12) are **DENIED**.

Dated at Green Bay, Wisconsin on May 30, 2025.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge